FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 29 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN ENNIS,

                           Petitioner,

      -against-

THE STATE OF NEW YORK,

                           Respondent.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**06-CV-2965 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Before the court is Petitioner John Ennis's application for a writ of habeas corpus ("Application"). (Docket Entry # 1.) Ennis challenges his state court conviction and sentence for Robbery in the Second Degree. Because Ennis's claims are either without merit or procedurally barred, the Application is DENIED.

## Background

      In 2003, Ennis was tried and convicted in New York Supreme Court, Kings County for robbing Brian Steele as Steele returned home from work late at night in Brooklyn. (Trial Tr. (Docket Entry # 8) at 6-10, 232.)

      During the trial, the jury heard testimony from Steele, who described how he pursued his assailant after the robbery—commandeering a van, alerting the police, and then identifying Ennis to the police as the mugger. (Id. at 10-13.) The jury also heard from a police officer, Officer Cadichon, who, after speaking with Steele, pulled over a public bus on which Ennis was a passenger, and arrested Ennis. (Id. at 70-74.) Officer Cadichon testified that he found Steele's watch and pocket organizer in Ennis's pockets and that he recovered Steele's bag from a seat next to Ennis on the bus. (Id. at 76) Another police officer, Officer Olsen, testified that he

1

searched Ennis outside of the bus and found Steele's ring hidden down Ennis's pant leg. (Id. at 99-100.) Officer Cadichorn and Officer Olsen's partner, Officer Deighan, corroborated the testimony about the ring. (Id. at 78, 110-11.) Officer Deighan testified that she did not see Officer Olsen actually recover the ring from Ennis's pants but that she saw "part of the search," and that Officer Olsen presented her with a ring following the search. (Id. at 110-11.) During cross-examination of Officer Deighan, Ennis sought to introduce what he claimed was a prior inconsistent statement made by Officer Deighan during her testimony at a pre-trial hearing. (See id. at 124-125.) At the earlier hearing, Officer Deighan had stated that she observed Officer Olsen searching Ennis. (Id. at 141-42.) The trial court refused to admit this statement into evidence. (Id. at 125.)

Ennis did not call any witnesses and at summation his counsel relied exclusively on a theory of misidentification. (See id. at 157-72.) His counsel failed, however, to provide a coherent theory as to why Ennis was in possession of Steele's stolen property less than half an hour after the robbery—a point ruthlessly exploited by the prosecutor during his summation. (See id. at 180-82, 189.) In that closing argument, the prosecutor also reminded the jury that Steele suffered from a speech impediment. He speculated that this characteristic must have made Steele appear weak and thus a tempting target for Ennis. (Id. at 194.) Defense counsel successfully objected to this statement (id.) but was unable to convince the court that it was grounds for a mistrial (id. at 196).

At sentencing, the court determined that Ennis was a persistent violent felony offender for the purposes of New York Penal Law § 70.08, and, pursuant to that provision's enhanced sentencing requirements, sentenced Ennis to an indeterminate term of twenty-one years to life in

2

prison. (Sentencing Tr. (Docket Entry # 8) at 5, 10.)

Ennis obtained new counsel and appealed from the judgment. He argued that the prosecutor made prejudicial remarks during his summation, and that the jury rather than the court should have determined his status as a persistent violent felony offender. Ennis also filed a pro se supplemental brief, in which he claimed that the trial court erred by refusing to admit Officer Deighan's prior statement. The Appellate Division affirmed the judgment. People v. Ennis, 794 N.Y.S.2d 912 (App. Div. 2005). It addressed specifically only Ennis's claim based on the prosecutor's summation, noting that the issue was, "for the most part, unpreserved for appellate review," and "in any event . . . without merit." Id. The court noted that the "prosecutor's comments were responsive to defense counsel's summation or constituted fair comment on the evidence." Id. It summarily disposed of Ennis's remaining claims stating that they were "either unpreserved for appellate review or without merit." Id. Ennis sought leave from the New York Court of Appeals to appeal all of the claims rejected by the Appellate Division and an additional claim that his trial counsel had been ineffective, but his petition was denied. See People v. Ennis, 5 N.Y.3d 788 (2005). He then timely filed the Application pursuant to 28 U.S.C. § 2254.

## Discussion

### Standard of Review

Section 2254 affords relief only to prisoners held in custody by a state government in violation of the United States Constitution, or other federal law. 28 U.S.C. § 2254(a). Thus, the federal courts will only consider § 2254 claims based exclusively on federal law.

With a few exceptions not relevant here, every claim that a prisoner makes in his § 2254 application must have been first raised in state court. See id. § 2254(b) and (c). Failure by a

3

prisoner to exhaust available state-court remedies on any claim in his § 2254 application will prevent a federal court from considering any part of that application, see Rose v. Lundy, 455 U.S. 509, 510 (1982); a restraint known as the "total exhaustion" rule, id. at 513. The only major exception is if the court is able to deny the entire application on the merits.[1] 28 U.S.C. § 2254(b)(2). If a prisoner did not first fully litigate his § 2254 claims in state court, but the opportunity to do so has passed—if, for example, the time to file a state-court appeal has run—then those claims are said to be "procedurally defaulted" and relief is precluded.[2] See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). Generally, claims that are denied in state court on the basis of state procedural law are similarly defaulted for the purposes of § 2254 review. See Wainwright v. Sykes, 433 U.S. 72, 84-85, 87 (1977). The rational is that such state-court rulings constitute an "independent and adequate" state ground for decision, see id. at 81-92, and so there is no justification for a federal court to reach the federal issue. An exception is made if a prisoner can demonstrate "cause" for failing to comply with the state procedural rule, and "prejudice" rendered thereby. See id. at 92. Ineffective assistance of counsel is one "cause" for a state court procedural default, Murray v. Carrier, 477 U.S. 478, 488 (1986), but such a claim is itself subject to § 2254's exhaustion requirement, id. at 488-89.

Sometimes, a state court rejects a claim in ambiguous terms, stating, as the Appellate Division did in this case, that a claim is either unpreserved or without merit. When this occurs,

---

[1] In rare circumstances, the state may waive the exhaustion requirement.

[2] Note the difference between an unexhausted claim and a procedurally defaulted claim. With an unexhausted claim, a prisoner may return to state court, exhaust his claim, and—if he does not obtain relief there—raise the claim again in a § 2254 application. If a claim is procedurally defaulted, it is lost forever.

4

"the conclusive presumption is that the adjudication rested on the merits." Hawkings v. Costello, 460 F.3d 238, 242 (2d Cir. 2006).

Where a state court does reach the merits of a claim later raised in a § 2254 application, its decision is subject to extraordinarily deferential review by the federal courts. See Hardy v. Cross, 132 S. Ct. 490, 491 (2011); Bobby v. Dixon, 132 S. Ct. 26, 27 (2011). For example, a state court's conclusions and applications of federal law are binding in a § 2254 proceeding unless they conflict with "clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). State court findings of fact, to the extent they are relevant to a federal issue, are similarly insulated from hard scrutiny. See id. § 2254 (d)(2) and (e)(1).

In sum, a prisoner in Ennis's position cannot hope to obtain relief from a federal court unless his § 2254 claims: (1) have been fully exhausted in the state courts; (2) have not been previously denied on an independent and adequate state ground; and (3) are based on a blatantly erroneous state-court ruling or application of federal law. It is no surprise that these applications are seldom granted.

**Claims**

The Application raises four claims.

First, Ennis again contests the trial court's refusal to admit Officer Deighan's prior statement into evidence. (See Application at 6.) Although Ennis cites no federal law or right (other than a right to a "fair trial") in support of this claim, the court construes the Application liberally because Ennis is pro se, see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d. Cir. 2006), and therefore treats this claim as based on the Confrontation Clause, see U.S. Const.

5

amend. VI.

Ennis's second claim concerns the prosecutor's summation. Ennis argues that the prosecutor "belittled" the defenses's theory of misidentification, "personalized" the crime for the jury, argued from facts not arguably established by the evidence, and vouched for the credibility of the People's witnesses. (Application at 9.) Again, Ennis fails to link these claims to the United States Constitution or other federal law, but, here, the court does not strain to anchor them in federal law because, as discussed below, they were already resolved on an independent and adequate state ground for decision.

Ennis's third claim is that the application of New York's persistent violent felony offender statute violated his Sixth Amendment right to trial by jury as that right has been interpreted by the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000). (See id. at 7.)

The final claim contained in the Application is based on the Sixth Amendment right to counsel. Ennis argues that his trial counsel was ineffective because, inter alia, he failed to preserve issues relating to the prosecutor's summation for appeal. (See id. 10.)

## Analysis

The Appellate Division rejected Ennis's Confrontation Clause claim on the merits, and the claim is, indeed, baseless. For a state court's decision to run "contrary to clearly established Federal law," 28 U.S.C. § 2254(d)(1), it must be different from a Supreme Court decision made "on a set of materially indistinguishable facts," Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Ennis points to no Supreme Court case law calling into question the trial court's decision to exclude Officer Deighan's prior statement from evidence. Nor could he because his Sixth

6

Amendment right to confront the witnesses against him was not even arguably infringed.

The Confrontation Clause guarantees criminal defendants in state court the right to cross-examine government witnesses. See Douglas v. Alabama, 380 U.S. 415, 418 (1965). Defendants must be allowed to explore witnesses' potential biases, see Delaware v. Van Arsdall, 475 U.S. 673, 680 (1986), and test their recollection and overall credibility, see Harper v. Kelly, 916 F.2d 54, 57 (2d Cir. 1990). But "trial judges retain wide latitude . . . to impose reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Van Arsdall, 475 U.S. at 679.

Ennis's opportunity to fully cross-examine Officer Deighan was not affected by the trial court's evidentiary decision. Any line of questioning Ennis could have hoped to pursue based on Officer Deighan's prior statement would have been irrelevant. In the pre-trial hearing, Officer Deighan answered "Yes, I did" to the question, "Did you observe your partner searching Mr. Ennis?" (Trial Tr. at 142.) At trial she stated, "I observed part of the search." (Id. at 124.) There is nothing in Officer Deighan's prior statement that, when compared to her trial statement, would indicate bias or a motive to lie. The two statements are not contradictory and therefore the prior statement does not implicate Officer Deighan's credibility or ability to recollect. It was well within the trial court's discretion—and most likely compelled by the New York Rules of Evidence—to exclude Officer Deighan's prior statement.

The court will not consider whether the People's summation violated any of Ennis's federally secured rights because this claim is procedurally defaulted.

A federal court "will not review questions of federal law presented in a § 2254

7

application when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgement." Downs v. Lape, 657 F.3d 97, 101 (2d Cir. 2011) (internal quotation marks omitted) (quoting Cone v. Bell, 556 U.S. 449, 129 S.Ct. 1769, 1780 (2009)). A state procedural default will often constitute an independent and adequate state ground. See, e.g., Murray, 477 U.S. at 482-83, 497 (failure to comply with Virginia's appellate waiver rule constituted an independent and adequate state ground for denying a federal claim); Engle v. Issac, 456 U.S. 107, 124, 129 (1982) (same with respect to Ohio's contemporaneous objection rule); Wainwright, 433 U.S. at 84-85, 87 (same with respect to Florida's contemporaneous objection rule). The Second Circuit has recently held on facts remarkably similar to this case that one form of procedural default in New York—failure to comply with the state's contemporaneous objection rule, New York Criminal Procedure Law § 470.05(2)—generally constitutes an independent and adequate state-law ground for decision.[3] Downs, 657 F.3d at 104. The only possible exception noted by the Circuit would be if the rule were "exorbitantly misapplied" by the state court.

The Appellate Division relied on New York's contemporaneous objection rule to reject Ennis's summation claims,[4] Ennis, 794 N.Y.S.2d at 912 (noting that these claims were "for the

---

[3] The contemporaneous objection rule restricts the New York appellate courts' consideration of legal issues in a criminal case to those that were first raised before the trial court. See N.Y. Crim. Pro. Law § 470.05(2).

[4] To the extent that Ennis's summation claims are based on the portion of the prosecutor's summation to which his trial counsel did object—as could be argued with respect to his claim that the prosecutor argued from a fact not admitted into evidence—it is impossible to imagine what provision of federal law was violated. The trial judge sustained the objection and struck the comment from the record. (See Trial Tr. at 194.) Any argument that the prosecutor's off-hand reference to the victim's speech impediment required more extensive curative measures by the trial court, such as ordering a mistrial, would be frivolous.

8

most part, unpreserved for appellate review"), and there is nothing in the record to indicate that its decision involved any misapplication of the rule—exorbitant or otherwise. The contemporaneous objection rule therefore constitutes an independent and adequate state ground for the Appellate Division's denial of Ennis's summation claim.

Of course, even where a state procedural default serves as an independent and adequate state-law ground for decision, a prisoner may still secure federal habeas review of his claims if he can demonstrate "cause" and "prejudice." Here, Ennis raises a separate ineffective assistance of counsel claim, and, reading the Application liberally, the court construes this claim as, in part, alleging cause for his procedural default. For the reasons given below, however, Ennis's ineffective assistance claim fails, and so it cannot serve as cause to excuse his default.

The Appellate Division rejected Ennis's sentencing claim on the merits, and its decision was consistent with federal law. New York Penal Law § 70.08 requires state courts to impose enhanced sentences on certain defendants that are found to have been convicted of two or more predicate violent felony offenses. Determining the existence of these previous offenses is left to the court, see N.Y. Penal Law § 70.08(2), rather than the jury. While the Sixth Amendment requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury," the Supreme Court has recognized a special exception for the fact of a prior conviction. Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); see also Cunningham v. California, 549 U.S. 270, 274-75 (2007); Blakely v. Washington, 542 U.S. 296, 301 (2004); Ring v. Arizona, 536 U.S. 584, 597 n.4 (2002); cf Almendarez-Torres v. United States, 523 U.S. 224, 243 (1998) ("[R]ecidivism [ ] is a traditional, if not the most traditional, basis for a sentencing court's increasing a offender's sentence."). Ennis does not argue that his

9

enhanced sentence was based on any judicial fact-finding other than that of his previous convictions, and the record confirms that it was not. As such, it was not contrary to clearly established federal law for the Appellate Division to conclude that Ennis's sentence was constitutional. Cf. Ayuso v. LaValley, No. 12-CV-932 (BMC), 2012 U.S. Dist. LEXIS 50431, at *12 (E.D.N.Y. Apr. 10, 2012) (denying habeas relief on identical challenge to N.Y. Penal Law § 70.08); Cawell v. Racetti, No. 11-CV-153 (MAT), 2012 U.S. Dist. LEXIS 41220, at *40 (W.D.N.Y. Mar. 26, 2012) (same); Mendoza v. LaValley, No. 10-CV-5860 (DLC), 2011 U.S. Dist. LEXIS 149285, at *6 (S.D.N.Y. Dec. 29, 2011) (same).

Finally, Ennis's claim for relief on grounds of ineffective assistance of counsel is either unexhausted or procedurally barred; and, to the extent that it is unexhausted, the claim is without merit.

Ennis did not raise his ineffective assistance of counsel claim on direct appeal. Cf. Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000) ("Presenting a claim for the first time to a state court of discretionary review is insufficient to exhaust the claim unless the court considers it." (citing Castille v. Peoples, 489 U.S. 346, 351 (1989))). And he has not yet collaterally attacked his conviction in state court. If Ennis can still bring a motion in state court to vacate his judgment on ineffective assistance of counsel grounds, the claim here is unexhausted. If he cannot, the claim is procedurally barred.

There is good reason to think that the claim is procedurally barred. Although New York allows defendants to make motions to vacate their judgements of conviction "at any time" if "[t]he judgment was obtained in violation of a right of the defendant under the constitution of . . . the United States," N.Y. Crim. Proc. Law § 440.10(1)(h) (emphasis added), such motions must

10

be denied if the defendant could have obtained "adequate review" of the claim on direct appeal, id. § 440.10(2)(c). Here, it appears that Ennis could have raised his ineffective assistance of counsel claim on his appeal to the Appellate Division because his trial counsel's alleged error was evident from the trial record and Ennis had retained new counsel for his appeal.[5]

That said, it is not necessary for the court to resolve this question of state law because, even if Ennis's ineffective assistance of counsel claim is merely unexhausted rather than procedurally barred, the claim is without merit.[6]

To obtain relief on his ineffective assistance of counsel claim, Ennis must satisfy both prongs of the well-known two-part test set out in Strickland v. Washington, 466 U.S. 668 (1984). He must show that (1) his lawyer's performance was deficient, and (2) he suffered actual prejudice as a result. Morales v. United States, 635 F.3d 39, 43 (2d Cir. 2011) (citing Strickland, 466 U.S. at 688, 692-93). Deficient performance is prejudicial "when it is so poor as to undermine confidence in the outcome of the proceedings—that is, it gives rise to 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" Id. (quoting Strickland, 466 U.S. at 694). If Ennis fails to establish one of Strickland's prongs, then there is no need for the court to inquire about the second prong. See id. at 45 (citing Strickland 466 U.S. at 697).

---

[5] If Ennis would be procedurally barred from raising his ineffective assistance of counsel claim in state court, he would be likewise precluded from raising it here. There is nothing in the record to indicate any legitimate "cause" for Ennis's failure to raise this claim before the appellate division. He had new counsel, who, in preparing for his appeal, must have had full access to Ennis's trial record. Any defective performance by trial counsel should have been apparent to appellate counsel before the Appellate Division considered Ennis's case.

[6] Because no state court considered Ennis's ineffective assistance of counsel claim, the court considers it de novo. See Cone 556 U.S. at 472.

11

Ennis cannot demonstrate prejudice. His principal contention is that his trial lawyer "failed to preserve issues for the record" and "failed to object to prosecutors [sic] continuing misconduct."[7] (Application at 10.) With respect to Ennis's former contention, the court concludes that the "issues" to which he is referring must be those related to the prosecutor's summation. It was these claims that the Appellate Division held unpreserved for the purposes of appeal. Presumably, Ennis's argument is as follows: if his trial counsel had preserved his claims about the summation, the Appellate Division would have considered them on appeal, found them meritorious, and vacated his conviction. This theory is irreconcilable with the Appellate Division's opinion, which, in the alternative, in fact reached the merits of Ennis's summation claims. The Appellate Division stated: "The defendant's contention that the prosecutor's comments during summation constituted reversible error is, for the most part, unpreserved for appellate review. In any event, his contention is without merit. The prosecutor's comments were responsive to defense counsel's summation or constituted fair comment on the evidence." Ennis, 794 N.Y.S.2d at 912 (emphasis added) (citations omitted). Thus, there is no chance that the outcome of Ennis's proceeding would have been different had his trial counsel preserved the summation claims.[8] To the extent that Ennis implies that more objections by his lawyer to the

---

[7] Ennis also alleges that his trial counsel "did not once prepare appellant for trial." (Application at 10.) Conclusory assertions such as this, however, are not sufficient to show either deficient performance or prejudice. See Polanco v. United States, No. 99-CV-5739, 2000 U.S. Dist. LEXIS 10788, at *33-35 (S.D.N.Y. Apr. 3, 2000) (collecting cases).

[8] The court notes that, in this case, the operation of the independent and adequate state ground doctrine together with the Strickland standard for ineffective assistance of counsel prevents the court from reviewing the merits of the Appellate Division's decision as to Ennis's summation claims. This unusual posture arises because the Appellate Division held that these claims were both procedurally barred and legally unfounded. By holding that the claims were unpreserved, the Appellate Division made review of the summation claims contingent on Ennis's ability to establish that his default was caused by ineffective assistance of counsel. See infra. But, by also denying the claims on their merits, the

12

prosecutor's summation would have changed the outcome of his trial, this argument is fanciful. The evidence against Ennis was overwhelming. The jury heard uncontroverted testimony that Ennis was followed from the crime scene by the victim who identified him to the police at which time the victim's property was found on Ennis's person. Any embellishment by the prosecutor at summation was simply icing on the cake. Moreover, in light of the Appellate Division's ruling that the prosecutor's comments did not constitute reversible error, it is doubtful that any additional objections by Ennis's trial counsel would have even been sustained.

### Conclusion

For these reasons, the Application is DENIED. No certificate of appealability shall issue because Ennis has not made a substantial showing of the denial of a constitutional right for the purposes of 28 U.S.C. § 2253.

SO ORDERED.

Dated: Brooklyn, New York
      May 2⧸, 2012

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge

---

Appellate Division ensured that Ennis could never establish ineffective assistance of counsel because he cannot show prejudice. While the effect of this ruling on the court's scope of review is somewhat unfortunate, it is compelled by Supreme Court precedent, and the Circuit has recently affirmed a denial of a § 2254 application under similar circumstances. See Parker v. Ercole, 666 F.3d 830 (2d Cir. 2012) (per curiam).

13